IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. PEGGY RYAN, | : : : | CIVIL ACTION |
| Plaintiff, v. | : : : | No.  05-3450 |
| ENDO PHARMACEUTICALS, INC., | : : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. MAX H. WEATHERSBY, | : : : | CIVIL ACTION |
| Plaintiff, v. | : : : | No.  10-2039 |
| ENDO PHARMACEUTICALS, INC., | : : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. GURSHEEL S. DHILLON, | : : : | CIVIL ACTION |
| Plaintiff, v. | : : : | No.  11-7767 |
| ENDO PHARMACEUTICALS, INC., | : : : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                             **AUGUST 25 , 2014**

Presently before this Court is Relator Gursheel S. Dhillon's ("Dhillon"), pro se "Motion to Strike from the Record Statement [sic] of Chris Mulhall," Relator Peggy Ryan's ("Ryan") Response in Opposition, and Dhillon's Reply thereto.  For the following reasons, Dhillon's Motion is denied.

**I.     FACTUAL BACKGROUND**

Due to the extensive factual background of this litigation provided in the previous Memorandum Opinions of this Court, we address solely the facts underlying Dhillon's instant Motion.[1] This litigation emanated from three separate *qui tam* actions filed by Relators, Ryan, Max Weathersby ("Weathersby") and Dhillon, alleging that Endo Pharmaceuticals, Inc. ("Endo") promoted the drug Lidoderm for uses that were not approved by the Food and Drug Administration nor medically accepted, thus causing false claims to be submitted to federal healthcare programs.[2] On February 21, 2014, the United States of America (the "Government") elected to intervene on behalf of the Relators for settlement purposes. (See Gov't's Notice of Election to Intervene, Feb. 21, 2014.) On this same day, the Relators entered into a Settlement Agreement, whereby Endo agreed to pay approximately $171.9 million to resolve the alleged False Claims Act violations. (See Gov't's Mem. on the Eligibility of Relators, at 1.)

After extensive briefing by the Government and the parties, we held that Ryan, as the first relator to file claims against Endo, was the sole relator eligible to recover the funds attained through the Settlement Agreement. (See Order, June 23, 2014.) In reaching this determination, we found that the first-to-file rule and the public disclosure ban precluded Dhillon from

---

[1] The full factual background for this litigation can be found at United States ex rel. Ryan v. Endo Pharmaceuticals, Inc., No. 05–3450, 2014 WL 2813103 (E.D. Pa. June 23, 2014).

[2] In Latin, the phrase *qui tam* is short for "*qui tam pro domino rege quam pro se ipso in hac parte sequitur*," which translates as, "who pursues this action on our Lord the King's behalf as well as his own." United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 509 n.1 (3d Cir. 2007) (quoting Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 769 n.1 (2000)); see also Black's Law Dictionary (9th ed. 2009). Thus, a *qui tam* action permits private parties to bring suit to enforce the law on the Government's behalf and rewards successful plaintiffs with part of the recovery. United States ex rel. Zizic v. Q2Administrators, LLC, 728 F.3d 228, 231 n.1 (3d Cir. 2013) (quoting United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 647 n.1 (D.C. Cir. 1994)).

participating in the recovery of any of the funds. See U.S. ex rel. Ryan, 2014 WL 2813103, at *9-10.

On June 28, 2014, Dhillon filed a Motion to Strike the statement of Chris Mulhall ("Mulhall"), which was attached as an exhibit to Ryan's "Motion to Determine that Relator Peggy Ryan is the Sole Relator Entitled to a Relator's Share Award," filed by Ryan. (See Ryan Mot. to Determine that Relator Peggy Ryan is the Sole Relator Entitled to a Relator's Share Award, Ex. A.) In this statement, Mulhall, an F.B.I. agent in charge of all health care fraud investigations in the Northern District of New York, corroborated the assertions set forth by Ryan in her Motion as to her contributions in investigating the transgressions of Endo. (Id.) Dhillon argues that this statement must be struck for various reasons - none of which support the granting of such a Motion. The Court's reasoning is as follows.

## II.     DISCUSSION

From the outset, we note that Dhillon's Motion to Strike is written in a confusing manner and is unsupported by applicable law.[3] Due to Dhillon's pro se status, we endeavor to interpret Dhillon's Motion.[4] As a preliminary matter, we reject Dhillon's contention that sanctions are warranted pursuant to Rule 37. The rule is inapplicable because it pertains only to discovery. See Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 12(f) governs motions to strike. See Fed. R. Civ. P.

---

[3]Dhillon does not cite to any applicable rule permitting the Court to strike the statement of Mulhall. See Dhillon Mot. to Strike. We interpret Dhillon's Motion to be pursuant to Federal Rule of Civil Procedure 12(f). See Fed. R. Civ. P. 12(f): Motion to Strike.

[4]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).

12(f).  Under this rule, the court may strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Id.  However, motions to strike are "generally viewed with disfavor and are rarely granted."  Am. Standard Life and Accident Ins. Co. v. U.R. L., Inc., 701 F. Supp. 527, 531 (M.D. Pa. 1988).  A party seeking to strike a pleading under Rule 12(f) must file such motion before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading.  Fed. R. Civ. P. 12(f)(2).

In light of the strictures of Rule 12(f), it is apparent that Dhillon's Motion to Strike is improper for procedural and substantive reasons.  First, the plain language of the rule denotes that it applies only to pleadings.  Fed. R. Civ. P. 12(f) ("a court may strike from a pleading").  Rule 7(a) enumerates the acceptable types of pleadings.[5]  See Fed. R. Civ. P. 7(a).  The Mulhall statement, which was an exhibit attached to Ryan's filing, does not qualify as a "pleading."  See Id.  Moreover, Courts have held that Rule 12(f) is not an instrument to attack "motions, briefs or memoranda, objections, or affidavits."  See Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist., No. 12-1319, 2012 WL 6629643, at *4 (W.D. Pa. Dec. 19, 2012) (quoting Walthour v. Tennis, No. 06-0086, 2008 WL 318386, at *8 (M.D. Pa. Feb. 4, 2008); see also Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 5C Fed. Practice and Procedure § 1380 (3d ed. 2004) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").  In light of this precedent, it is clear that

---

[5]The pleadings listed as permissible under Rule 7(a) include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.  See Fed. R. Civ. P. 7(a).

Dhillon's attempt at utilizing Rule 12(f) to strike Mulhall's statement is improper. See In re Schering-Plough Corp./Enhance Sec. Litig., 08-397, 2009 WL 1410961, at *2 (D.N.J. May 19, 2009) (denying an attempt to strike a declaration attached as an exhibit to a motion as procedurally improper).

Second, even if we found that Mulhall's statement qualified as a "pleading," Dhillon's Motion is untimely as it must have been filed within twenty one days after being served with the "pleading." Fed. R. Civ. P. 12(f)(2). Here, Mulhall's statement was included within Ryan's Motion, which was filed on May 2, 2014. (See Mot. to Determine that Relator Peggy Ryan is the Sole Relator Entitled to a Relator's Share Award, May 2, 2014.) Dhillon did not file the instant Motion to Strike until July 28, 2014. (See Mot. to Strike, July 28, 2014.) Therefore, Dhillon's current Motion is untimely.

Dhillon's Motion is not only procedurally improper and untimely, but the substantive arguments raised by Dhillon are not grounds to strike. Dhillon contends that the Mulhall statement should be struck because it is hearsay,[6] factually incorrect and subject to impeachment.[7] However, neither of these arguments qualify as a basis for a motion to strike under Rule 12(f). See Fed. R. Civ. P. 12(f) (stating that striking under Rule 12(f) applies only to

---

[6]Dhillon argues that, under the "Federal Rules of Civil Procedure Rule 802," Mulhall's statement is "hearsay because they are not unsupported by affidavit or attested to under penalty of perjury." (See Dhillon Mot. to Strike, at 2.) There are two problems with Dhillon's argument. First, there is no such rule. However, Rule 802 of the Federal Rules of Evidence does pertain to hearsay. See Fed. R. Evid. 802. Thus, we interpret Dhillon's argument to invoke this rule. Second, Dhillon's argument doesn't make sense when read as written. Thus, we interpret Dhillon's argument to assert that the statement is hearsay because it is not supported by affidavit or attested to under penalty of perjury.

[7]Once again Dhillon mistakenly cites to the Federal Rules of Civil Procedure for this claim instead of the Federal Rules of Evidence. We interpret Dhillon's impeachment argument to refer to Rule 806 of the Federal Rules of Evidence, which addresses impeachment. See Fed. R. Evid. 806.

any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

In essence, Dhillon's Motion seeks to utilize Rule 12(f) as a vehicle to attack the facts set forth by Ryan in her Motion. In doing so, Dhillon tries to introduce the statement of C.L.,[8] a former employee of Endo, who attests that she was interviewed by the F.B.I. because of Dhillon's *qui tam* Complaint. Not only would it be hypocritical to allow into evidence this statement and not Mulhall's, but Dhillon's Motion also exemplifies a basic misunderstanding of the utility of Rule 12(f). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint 'any redundant, immaterial, impertinent, or scandalous matter' which will not have any possible bearing on the outcome of the litigation." Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). Thus, Rule 12(f) is not an instrument to introduce new evidence that should have been included in Dhillon's prior filings. Accordingly, we deny Dhillon's Motion to Strike.

## III. CONCLUSION

Though the Court has ventured to explicate any legal basis for Dhillon's Motion to Strike, it is obvious that the Motion lacks any merit. Motions to strike are "generally viewed with disfavor and are rarely granted," and this is not such a rare occasion. Am. Standard Life and Accident Ins. Co. v. U.R. L., Inc., 701 F. Supp. at 531.

Finally, it is important to take a step back from this Motion and view the big picture. Even without Mulhall's statement, we find that Ryan has sufficiently set forth her lawful right to be the sole relator. Furthermore, Dhillon cannot escape the fact that the first-to-file bar and the

---

[8]Dhillon has attached this statement to his Motion to Strike. The document was filed under seal, and we use only the initials C.L. in order to protect the identity of the declarant per their request.

public disclosure ban preclude any recovery by him.

      An appropriate Order follows.