UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ex rel.
PEGGY RYAN,

    Plaintiffs,

v.

                                          Case No. 05-cv-3450

ENDO PHARMACEUTICALS, INC.,

    Defendants.

---

**DECLARATION OF CHRIS MULHALL IN SUPPORT OF RELATOR PEGGY RYAN'S MOTION FOR RELATOR SHARE AWARD**

---

I, Chris Mulhall, do hereby declare and state:

1. I was a Special Agent with the Federal Bureau of Investigation from 1988 until 2012. When I retired in 2012, I was the supervisor in charge of all FBI healthcare fraud investigations in the Northern District of New York.

2. In June 2005, I was contacted by the James Hoyer law firm, on behalf of their client, Peggy Ryan. Ryan made allegations and provided evidence of intentional, illegal, off-label sales of Lidoderm, a pain patch marketed nationally by Endo Pharmaceuticals. Based on the information provided by Ryan, I initiated an investigation of Endo.

3. From 2005 until my retirement in 2012, I supervised and coordinated the FBI's investigation of off-label Lidoderm sales. The FBI coordinated the criminal investigation of Endo Pharmaceuticals for multiple agencies, including the U.S. Department of Justice, U.S. Department of Health and Human Services, and the Food and Drug Administration.

4. From 2005 until 2012, I and other FBI agents worked closely with Peggy Ryan to develop the factual basis of the investigation.

5. In July 2005 Ryan agreed to aid the investigation by making surreptitious recordings for the FBI. From 2005 – 2007, Ryan recorded more than 200 hours of conversations with Endo employees regarding off-label sales using recording devices provided by the FBI. The FBI transcribed the recordings and provided those transcripts to Ryan for review. During a lengthy review process, Ryan corrected transcript inaccuracies and identified conversations of high evidentiary value related to the off-label marketing of Lidoderm.

6. In late 2006, the FBI began drafting a subpoena with the Department of Health and Human Services. Ryan provided essential assistance to the FBI and HHS in composing the initial, comprehensive subpoena for Endo records by identifying categories of information that should be requested, identifying specific documents of interest, identifying where certain information could be located, and identifying certain individuals who could provide corroborating evidence. The subpoena was served on Endo Pharmaceuticals January 17, 2007, at which time a number of Endo officials identified by Ryan were interviewed.

7. When Endo began producing documents in response to the subpoena, Ryan and her counsel assisted the FBI by interpreting and analyzing Endo records and documents.

8. Ryan remained employed at Endo throughout the time I supervised the investigation. During that time, she kept the FBI apprised of significant developments within the company such as when key executives resigned from their positions, when internal voicemails were circulated to the sales staff regarding off-label sales strategies, and when certain sales representatives were dismissed as a result of Endo's post-subpoena internal investigation. Ryan also continued to provide the FBI with internal documents that came into her possession during the normal course of business such as sales manuals, off-label studies, sales-goal targets and sales scorecards.

9. Before I retired from the FBI, I became aware that two other individuals filed False Claims Act complaints against Endo Pharmaceuticals in 2010 and 2011. During the time that I supervised the investigation of Endo Pharmaceuticals, the FBI did not interview the individuals who filed those complaints, the FBI did not work with those individuals, and those individuals played no part in the FBI's investigation of Endo.

10. It is my understanding that the information developed by Ryan directly contributed to Endo Pharmaceutical's agreement to plead guilty to a criminal mislabeling violation on February 25, 2014.

11. It is my personal belief that the FBI's investigation of Endo Pharmaceutical's off-label marketing would not have attained the successful resolution it did, if not for the exemplary efforts and significant contributions of Peggy Ryan.

12. After my retirement, I stayed in contact with the James Hoyer law firm which apprised me of the litigation that occurred between Ryan and the other relators subsequent to Endo's settlement agreement. I offered to write a statement on behalf of Ryan in the first-to-file dispute with the other relators and for this relator's share dispute.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13 day of November, 2014, at Albany, N.Y.

_____
Chris Mulhall